BLEAU FOX A P.L.C.
Thomas P. Bleau (Bar No. CA 152945)
E-mail: tbleau@bleaufox.com
Martin R. Fox (Bar No. CA 155783)
E-mail: mfox@bleaufox.com
Scott E. Shapiro, *Of Counsel* (Bar No. CA 194352)
E-mail: scott@asattorney.com
2801 West Empire Avenue
Burbank, CA 91504

Attorneys for *Defendant and Counter-Claimant*,
EASTERN COMPUTER EXCHANGE, INC.

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
E-mail: rplatt@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
E-mail: dbrown@manatt.com
TAL EDELSTEIN (Bar No. CA 346878)
E-mail: tedelstein@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

Attorneys for *Plaintiff and Counter-Defendant*
HERBALIFE INTERNATIONAL OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation,

Plaintiff and Counter-Defendant,

v.

EASTERN COMPUTER EXCHANGE, INC., a Connecticut corporation,

Defendant and Counter-Claimant.

No. 2:22-CV-00347-ODW (AGRx)

**Hon. Otis D. Wright, II**

**EASTERN'S PROPOSED JURY INSTRUCTIONS**

Pretrial Conference Date: February 12, 2024

Trial Date: March 12, 2024

Pursuant to Local Rule 51-5 and Judge Wright's Scheduling and Case Management Order § 7(d), defendant and counter-claimant Eastern Computer Exchange, Inc. ("Eastern") submits Eastern's Proposed Jury Instructions. Plaintiff and counter-defendant Herbalife International of America, Inc. ("Herbalife") objects to these proposed jury instructions, as further described in the pages that immediately follow each proposed jury instruction.

Dated: February 5, 2024

BLEAU FOX A P.L.C.

By: _/s/ Scott E. Shapiro_
Scott E. Shapiro
Attorneys for *Defendant and Counter-Claimant*, EASTERN COMPUTER EXCHANGE, INC.

Dated: February 5, 2024

MANATT, PHELPS & PHILLIPS, LLP

BY: /S/ DONALD R. BROWN

DONALD R. BROWN
ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT, HERBALIFE INTERNATIONAL OF AMERICA, INC.

**LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

**PROPOSED JURY INSTRUCTION NO. 33**

**(ORAL OR WRITTEN CONTRACT TERMS)**

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

**Source:** CACI No. 304 (2013).

## OBJECTIONS AND RESPONSES TO INSTRUCTION NO. 43

**Herbalife's Objection:**

Eastern alleges three oral contracts regarding a potential BCDR project—Phase 1, Phase 2, and an Equipment Order for both phases—all of which involve the sale of goods and therefore are governed by the California Commercial Code. California Commercial Code section 2201(1) provides that a contract for the sale of goods over $500 in value must be in writing. The statute of frauds applies even if a contract involves ancillary services, where, as here, the sale of goods was the predominant feature of the alleged contract. *See Niagara Bottling, LLC v. Rite-Hite Co., LLC*, 2019 WL 1768875, at *8 (C.D. Cal. Feb. 11, 2019); *U.S. v. United Pac. Co.*, 976 F.2d 1274, 1277 (9th Cir. 1992); *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543 (9th Cir. 1985).[1]

Where, as here, the statute of frauds applies, it is incorrect to state, as CACI 304 does, that "Oral contracts are just as valid as written contracts." Eastern contends that certain exceptions to the statute of frauds apply under Section 2201(3)(a), which Eastern has the burden of proving. Where there is a written contract, Eastern would not have to prove any of those exceptions in order to avoid the statute of frauds. Therefore, under the circumstances here it is untrue that oral contracts are just as valid as written contracts.

CACI 304 is therefore misleading as a standalone jury instruction and should thus not be read to the jury. The Proposed Jury Instruction No. 37 Special Instruction #3: Statute of Frauds agreed to by the parties provides both the rule and the exception found in Section 2201, and it thus should be sufficient without CACI 304.

[1] Due to the timing of the exchange of arguments, Eastern reserves the right to object to the last sentence of this paragraph and the subsequent caselaw. Eastern's response was provided before this provision was added.

**Eastern's Response:**

The contracts at issue, whether they be deemed written, oral, or partly oral and partly written did not only concern goods. Indeed, services were not only to be rendered, but were actually partially rendered (during a span of many months) concerning the actual implementation of the BCDR project, not just the design of the project. Herbalife improperly seeks to try to pigeon hole Eastern into corners which are belied by the voluminous evidence concerning services and work performed on the BCDR project. Indeed, as reflected in Exhibit 42 (a report that says "draft" but which was authenticated as a final report by the Chief Compliance Officer Andrew Dunbar), even Herbalife's internal investigation concerning the nature of the agreement and transactions between the Parties.

It is up to the fact-finder to determine whether the written Services Agreement, or an oral agreement, or a combination thereof which also included sale of goods, was the contract that was formed by the Parties. This standard CACI instruction is meant for this type of a situation. Herbalife with this effort is trying to prejudice Easter, seeking to summarily relitigate an issue within the Motion to Dismiss that Herbalife recently lost (ECF Doc. No., 52), effectively seeking to throw out Eastern's oral contract claim including as to Phase 1 of the BCDR project.

**PROPOSED JURY INSTRUCTION NO. 44**
**(EXISTENCE OF CONDITION PRECEDENT)**

Herbalife claims that the *MSA* with Eastern provides that Herbalife was not required to pay for any services by Eastern unless Herbalife's specific requirements referred to in the MSA were followed.

Herbalife must prove that the parties agreed to this condition. If Herbalife proves this, then Eastern must prove that Herbalife's requirements were followed.

If Eastern does not prove that Herbalife's requirements were followed, then Herbalife was not required to pay for any services by Eastern.

**Source:** CACI No. 321 (2023).

<u>**OBJECTIONS AND RESPONSES TO INSTRUCTION NO. 44**</u>

<u>**Herbalife's Objection:**</u>

Herbalife only objects to the phrasing of the first paragraph in Proposed Jury Instruction No. 44. Herbalife wants the following phrasing:

> Herbalife claims that the *MSA* with Eastern provides that Herbalife was not required to pay for any services by Eastern unless Herbalife's requirements were followed.

Herbalife contends that the requirements that the parties agreed to follow were not specifically listed in the MSA. The fact that the MSA mentioned "requirements" generally presupposes that the applicable requirements, rather than being delineated in the MSA, would instead depend on the particular transaction in question. The requirements relevant in this case were known to Eastern and were specifically followed in the 20 projects the parties had actually agreed to execute. Excluding the phrases Eastern proposes to add to the above Proposed Jury Instruction—i.e., "Herbalife's *specific* requirements *referred to in the MSA* were followed"—does not foreclose Eastern from making its argument that if the requirement was not specifically listed in the MSA that Eastern did not have to follow it. On the other hand, including Eastern's proposed phrases of "specific" and "referred to in the MSA" forecloses Herbalife's ability to make its argument.

<u>**Eastern's Response:**</u>

The agreement at issue, known by the Parties as the MSA, has a requirements reference essentially meaning "specifications" (although Herbalife contests that interpretation. No policies or procedures concerning a "PAR process" nor any other purported pre-purchase requirement was ever discussed nor brought to Eastern's attention at the time that document was negotiated and signed. After the fact, and inconsistent with the dealings between the Parties, Herbalife has

claimed the “requirements” language concerning hundreds of pages of internal processes that Herbalife claims became part of the Agreement. Either that contract included reference to the specific requirements, or it did not. The proposed language is a fair requirement as to that specific agreement at issue, to the extent Herbalife is claiming that a condition precedent existed. Such conditions must be clearly stated, and either they are in the four corners of the document or not.

**PROPOSED JURY INSTRUCTION NO. 54**

**(RELIANCE DAMAGES)**

If you decide that Herbalife breached the contract, Eastern may recover the reasonable amount of money that it spent in preparing for contract performance. These amounts are called "reliance damages." Eastern must prove the amount that it was induced to spend in reliance on the contract.

If Eastern proves reliance damages, Herbalife may avoid paying some or all of those damages by proving:

1. That some or all of the money that Eastern spent in reliance was unnecessary; or
2. That Eastern would have suffered a loss even if Herbalife had fully performed its obligations under the contract.

**Source:** CACI No. 361 (2015).

## OBJECTIONS AND RESPONSES TO INSTRUCTION NO. 54

**Herbalife's Objection:**

Herbalife objects to this Proposed Jury Instruction because there is no factual predicate for Eastern to have reasonably relied on any statement made by Herbalife to recover any reliance damages. The MSA clearly provides in Paragraph 2(C), "[Eastern] is solely liable and responsible for paying its own employees." There is no statement made by Herbalife upon which Eastern can rely that would suggest Herbalife was not going to follow this contractual provision.

Herbalife also objects on legal grounds that Eastern cannot recover reliance damages unless Herbalife prevented Eastern from performing the alleged BCDR contract. Based on the commentary for CACI 361, reliance damages are only available if the defendant prevented the plaintiff's performance. "Where, without fault on his part, one party to a contract who is willing to perform it is prevented from doing so by the other party, the primary measure of damages is the amount of his loss, which may consist of his reasonable outlay or expenditure toward performance, and the anticipated profits which he would have derived from performance." *Buxbom v. Smith*, 23 Cal.2d 535, 541 (1944). Eastern has not alleged that Herbalife prevented Eastern from performing the alleged BCDR contract.

In addition, if the Court were to permit this instruction, it would create the potential for double recovery by Eastern, which also seeks lost profits (from which the same expenses Eastern seeks as reliance damages would need to be subtracted for purposes of lost profits).

**Eastern's Response:**

The contracts at issue, whether they be deemed written, oral, or partly oral and partly written did not only concern goods. Indeed, services were not only to be rendered, but were actually partially rendered (during a span of many months)

concerning the actual implementation of the BCDR project, not just the design of the project. Herbalife improperly seeks to try to pigeon hole Eastern into corners which are belied by the voluminous evidence concerning services and work performed on the BCDR project. Indeed, as reflected in Exhibit 42 (a report that says "draft" but which was authenticated as a final report by the Chief Compliance Officer Andrew Dunbar), even Herbalife's internal investigation concerning the nature of the agreement and transactions between the Parties.

It is up to the fact-finder to determine whether the written Services Agreement, or an oral agreement, or a combination thereof which also included sale of goods, was the contract that was formed by the Parties. This standard CACI instruction is meant for this type of a situation. Herbalife with this effort is trying to prejudice Easter, seeking to summarily relitigate an issue within the Motion to Dismiss that Herbalife recently lost (ECF Doc. No., 52), effectively seeking to throw out Eastern's oral contract claim including as to Phase 1 of the BCDR project by way of trying to pigeon hole Eastern into the MSA.

Yes, Herbalife prevented Eastern from performing the contract. For example, it failed to pay for the ordered Dell goods, and it stopped the project, forcing Eastern to mitigate its damages by returning millions of dollars of equipment ordered from Dell and forcing Eastern to pay Dell many hundreds of thousands of dollars to get Dell to agree to accept the return of the goods (which Eastern describes as an alternative damage of "restocking fee"). Moreover, in performance of the BCDR Project, Eastern spent many hundreds of hours getting ready to implement the BCDR Project as part of Herbalife's "BCDR SWAT" team. Eastern was the only vendor that was participating in such implementation efforts.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address for this matter is 2801 W. Empire Ave., Burbank, CA 91504.

On February 5, 2024, I served the foregoing document(s) described as

**EASTERN'S PROPOSED JURY INSTRUCTIONS**

on the interested parties to this action who are listed on the attached Service List.

☒ **BY E-MAIL/ELECTRONIC TRANSMISSION:** By transmitting a true copy thereof to the persons at the e-mail addresses listed on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge.

Executed on February 5, 2024, at Los Angeles, California.

/s/Scott E. Shapiro
Scott E. Shapiro

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
TAL EDELSTEIN (Bar No. CA 346878)
tedelstein@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224