MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
E-mail: rplatt@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
E-mail: dbrown@manatt.com
TAL EDELSTEIN (Bar No. CA 346878)
E-mail: tedelstein@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone:  310.312.4000
Facsimile:   310.312.4224

Attorneys for *Plaintiff and Counter-defendant*
HERBALIFE INTERNATIONAL OF AMERICA, INC.

BLEAU FOX A P.L.C.
Thomas P. Bleau (Bar No. CA 152945)
E-mail: tbleau@bleaufox.com
Martin R. Fox (Bar No. CA 155783)
E-mail: mfox@bleaufox.com
Scott E. Shapiro, *Of Counsel* (Bar No. CA 194352)
E-mail: scott@asattorney.com
2801 West Empire Avenue
Burbank, CA 91504

Attorneys for *Defendant and Counter-Claimant*,
EASTERN COMPUTER EXCHANGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> EASTERN COMPUTER EXCHANGE, INC., a Connecticut corporation, <br><br> Defendant and Counter-Claimant. | No. 2:22-CV-00347-ODW (AGRx) <br><br> **Hon. Otis D. Wright, II** <br><br> JOINT PROPOSED JURY INSTRUCTIONS <br><br> Pretrial Conference: February 12, 2024 <br> Trial Date: March 12, 2024 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# INDEX OF JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| | **PRELIMINARY INSTRUCTIONS** | | **4** |
| 1. | Duty of the Jury | Ninth Circuit No. 1.3 | 5 |
| 2. | Conduct of the Jury | Ninth Circuit No. 1.15 | 6 |
| 3. | Stipulations of Fact | Ninth Circuit No. 2.2 | 8 |
| 4. | What Is Evidence | Ninth Circuit No. 1.9 | 9 |
| 5. | Deposition in Lieu of Live Testimony | Ninth Circuit No. 2.4 | 10 |
| 6. | Direct and Circumstantial Evidence | Ninth Circuit No. 1.12; CACI No. 203 | 11 |
| 7. | What Is Not Evidence | Ninth Circuit No. 1.10 | 12 |
| 8. | Ruling on Objections | Ninth Circuit No. 1.13 | 13 |
| 9. | Bench Conferences and Recesses | Ninth Circuit No. 1.20 | 14 |
| 10. | No Transcript Available to Jury | Ninth Circuit No. 1.17 | 15 |
| 11. | Questions to Witnesses by Jurors During Trial | Ninth Circuit No. 1.19 | 16 |
| 12. | Taking Notes | Ninth Circuit No. 1.18 | 17 |
| 13. | Outline of Trial | Ninth Circuit No. 1.21 | 18 |
| | **FINAL INSTRUCTIONS** | | **19** |
| 14. | Duty of the Jury | Ninth Circuit No. 1.4 | 20 |
| 15. | Burden of Proof: Preponderance of the Evidence | Ninth Circuit No. 1.6; Eleventh Circuit No. 1.1 | 21 |
| 16. | Burden of Proof: Clear and Convincing Evidence | Ninth Circuit No. 1.7 | 22 |
| 17. | Damages—Proof | Ninth Circuit 5.1 | 23 |
| 18. | Credibility of Witnesses | Ninth Circuit No. 1.14; CACI No. 5003 | 24 |
| 19. | Expert Opinion | Ninth Circuit No. 2.13 | 26 |
| 20. | Charts and Summaries | Ninth Circuit Nos. 2.14 & 2.15 | 27 |
| 21. | Duty to Deliberate | Ninth Circuit No. 3.1 | 28 |
| 22. | Consideration of Evidence— Conduct of the Jury | Ninth Circuit No. 3.2 | 29 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 23. | Communications with the Court | Ninth Circuit No. 3.3 | 31 |
| 24. | Return of the Verdict | Ninth Circuit No. 3.5 | 32 |
| 25. | Fraudulent Concealment | CACI 1901 | 33 |
| 26. | Reasonable Reliance | CACI No. 1908 | 34 |
| 27. | Fraud Damages | CACI No. 1923 | 35 |
| 28. | Punitive Damages | Ninth Circuit No. 5.5 | 36 |
| 29. | Special Instruction #1: Alignment of Parties | N/A | 38 |
| 30. | Breach of Contract – Introduction | CACI No. 300 | 39 |
| 31. | Contract Formation – Essential Factual Elements | CACI No. 302 | 40 |
| 32. | Breach of Contract – Essential Factual Elements | CACI No. 303 | 41 |
| 33. | Oral or Written Contract Terms – *Disputed* | CACI No. 304 | 42 |
| 34. | Special Instruction #2: Lapse of Offer – *Disputed* | Cal. Civ. Code § 1587(b) | 43 |
| 35. | Contract Formation – Offer | CACI No. 307 | 44 |
| 36. | Contract Formation – Acceptance | CACI No. 309 | 45 |
| 37. | Special Instruction #3: Statute of Frauds | Cal. Com. Code §§ 2201, 2201(a)(3) | 46 |
| 38. | This Proposed Jury Instruction has been purposely left blank. | N/A | 47 |
| 39. | Interpretation – Disputed Words | CACI No. 314 | 48 |
| 40. | Interpretation – Meaning of Ordinary Words | CACI No. 315 | 49 |
| 41. | Interpretation – Construction of Contract as a Whole | CACI No. 317 | 50 |
| 42. | Contract Construction by Conduct of Parties | CACI No. 318 | 51 |
| 43. | This Proposed Jury Instruction has been purposely left blank. | N/A | 52 |
| 44. | Existence of Condition Precedent – *Disputed* | CACI No. 321 | 53 |
| 45. | Anticipatory Breach | CACI No. 324 | 54 |

402698195.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 46. | Special Instruction #6: Anticipatory Repudiation | Cal. Com. Code § 2610 | 55 |
| 47. | Special Instruction #7: Prevention of Performance | Cal. Civ. Code § 1511 | 56 |
| 48. | Substantial Performance | CACI No. 312 | 57 |
| 49. | Special Instruction #8: Commercial Reasonableness | *Gifford v. J & A Holdings*, 54 Cal. App. 4th 996 (1997), 1005; *Citri-Lite Co. v. Cott Bevs., Inc.*, 721 F. Supp. 2d 912 (E.D. Cal. 2010) | 58 |
| 50. | Waiver | CACI No. 336 | 59 |
| 51. | Mitigation of Damages | Ninth Circuit No. 5.3 | 60 |
| 52. | Introduction to Contract Damages | CACI No. 350 | 61 |
| 53. | Loss of Profits – No Profits Earned | CACI No. 352 | 62 |
| 54. | Reliance Damages – ***Disputed*** | CACI No. 361 | 63 |
| 55. | Nominal Damages | Ninth Circuit No. 5.6 | 64 |

Dated: February 5, 2024       MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Donald R. Brown*
Donald R. Brown
Attorneys for *Plaintiff and Counter-defendant*, HERBALIFE INTERNATIONAL OF AMERICA, INC.

Dated: February 5, 2024       BLEAU FOX A P.L.C.

By: */s/ Scott E. Shapiro*
Scott E. Shapiro
Attorneys for *Defendant and Counter-Claimant*, EASTERN COMPUTER EXCHANGE, INC.

## LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

1
2
# **PRELIMINARY INSTRUCTIONS**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

402698195.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED INSTRUCTION NO. 1
## (DUTY OF THE JURY)

Members of the Jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.3 (2017).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

## PROPOSED INSTRUCTION NO. 2
## (CONDUCT OF THE JURY)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research

402698195.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.15 (2017).

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1

- 7 -
JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROPOSED INSTRUCTION NO. 3
## (STIPULATIONS OF FACT)

The parties have agreed to certain undisputed facts that will be read to you. You must therefore treat these facts as having been conclusively established and proven.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.2 (2017).

402698195.1

# PROPOSED INSTRUCTION NO. 4

# (WHAT IS EVIDENCE)

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits that are admitted into evidence;

    (3)    any stipulated facts to which the parties have agreed; and

    (4)    any facts that I have instructed you to accept as proved.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9 (2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

## PROPOSED INSTRUCTION NO. 5
## (DEPOSITION IN LIEU OF LIVE TESTIMONY)

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.4 (2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 10 -
JOINT PROPOSED JURY INSTRUCTIONS

1
2
3

# PROPOSED INSTRUCTION NO. 6
## (DIRECT AND CIRCUMSTANTIAL EVIDENCE)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

It is for you to decide how much weight to give to any evidence. You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**Sources:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12 (2017); California Civil Instructions ("CACI"), No. 203 (2022).

## PROPOSED INSTRUCTION NO. 7
## (WHAT IS NOT EVIDENCE)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10 (2017).

## PROPOSED INSTRUCTION NO. 8
## (RULING ON OBJECTIONS)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.13 (2017).

## PROPOSED INSTRUCTION NO. 9
## (BENCH CONFERENCES AND RECESSES)

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.20 (2017).

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1

- 14 -
JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED INSTRUCTION NO. 10
## (NO TRANSCRIPT AVAILABLE TO JURY)

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.17 (2017).

## PROPOSED INSTRUCTION NO. 11

## (QUESTIONS TO WITNESSES BY JURORS DURING TRIAL)

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.19 (2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 16 -
JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED INSTRUCTION NO. 12
## (TAKING NOTES)

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.18 (2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 17 -
JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED INSTRUCTION NO. 13
## (OUTLINE OF TRIAL)

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

In this matter, there is a Complaint, and a Counter-Claim. Herbalife is the "plaintiff" and Eastern is the "defendant" in the Complaint. As to the Counter-Claim, Eastern is the "counter-claimant" which is essentially the same as being a "plaintiff," and Herbalife is the "counter-defendant" which is essentially the same as being the "defendant." Whenever you hear or see the word "plaintiff" in these instructions, or "defendant," those apply to Herbalife or to Eastern when one is proceeding against the other or defending the other's claims, and vice-versa.

Instructions that specify the parties specifically as "Herbalife" or "Eastern" are to be read and understood specifically as expressed, not as "plaintiff" or "defendant" in general terms.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. For all causes of action asserted by the plaintiff, the plaintiff has the burden of proof and the defendant is not required to present evidence to prevail in the litigation. However, the defendant may present evidence in its discretion, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict. It is now time for the opening statements.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.21 (2017).

402698195.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FINAL INSTRUCTIONS

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 14
## (DUTY OF THE JURY)

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.4 (2017).

## PROPOSED  JURY INSTRUCTION  NO. 15
## (BURDEN  OF PROOF—PREPONDERANCE  OF THE EVIDENCE)

Herbalife has the burden of proving its case against the defendant, Eastern, by a preponderance of the evidence. Similarly, Eastern has the burden of proving its case against the counter-defendant, Herbalife, by a preponderance of the evidence. When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

So, if you could put the evidence favoring Herbalife and the evidence favoring Eastern on opposite sides of balancing scales, Herbalife needs to make the scales tip to its side for each and every element of each of its causes of action. If Herbalife fails to meet this burden on any element of any cause of action, you must find in favor of Eastern on that cause of action. Similarly, Eastern must make the scales tip in its favor on each and every element of its causes of action. Both parties must also make the scales top in their favor on each and every element of their respective affirmative defenses. If either party fails to meet this burden on any element of their affirmative defenses, you must find that the affirmative defense does not apply.

You should base your decision on all of the evidence, regardless of which party presented it.

**Sources:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6 (2017); Eleventh Circuit Pattern Jury Instructions, No. 1.1 (2022).

## **PROPOSED JURY INSTRUCTION NO. 16**
## **(BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE)**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.7 (2017).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 17
## (DAMAGES—PROOF)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.1 (2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 23 -
JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED JURY INSTRUCTION NO. 18
## (CREDIBILITY OF WITNESSES)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. You are to use your common sense in determining how to weigh the credibility of witnesses that make inconsistent statements.

However, if you decide that a witness has testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

1  enough to prove a fact.  You must not be biased in favor of or against any witness

2  because of the witness's disability, gender, race, religion, ethnicity, sexual

3  orientation, age, national origin, or socioeconomic status.

4

5  **Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14 (2017);

6  CACI No. 5003 (2023).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1

JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED JURY INSTRUCTION NO. 19
## (EXPERT OPINION)

You have heard testimony from Plaintiff's expert, J. Duross O'Bryan, who testified to his opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13 (2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROPOSED JURY INSTRUCTION NO. 20
## (CHARTS AND SUMMARIES RECEIVED AND NOT RECEIVED IN EVIDENCE)

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 2.14 and 2.15 (2017).

## PROPOSED JURY INSTRUCTION NO. 21
## (DUTY TO DELIBERATE)

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1 (2017).

## PROPOSED JURY INSTRUCTION NO. 22

## (CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY)

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1

1   inaccurate, incomplete, or misleading information that has not been tested by the trial

2   process. Each of the parties is entitled to a fair trial by an impartial jury, and if you

3   decide the case based on information not presented in court, you will have denied the

4   parties a fair trial. Remember, you have taken an oath to follow the rules, and it is

5   very important that you follow these rules.

6       A juror who violates these restrictions jeopardizes the fairness of these

7   proceedings. If any juror is exposed to any outside information, please notify the

8   court immediately.

9

10  **Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2 (2017).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 30 -
JOINT PROPOSED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 23
## (COMMUNICATIONS WITH THE COURT)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court —how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3 (2017).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 31 -
JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED JURY INSTRUCTION NO. 24
# (RETURN OF THE VERDICT)

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5 (2017).

## PROPOSED JURY INSTRUCTION NO. 25
## (FRAUDULENT CONCEALMENT)

Herbalife claims that it was harmed because Eastern concealed certain information. To establish this claim, Herbalife must prove all of the following:

1. (a) That Eastern disclosed some facts to Herbalife but intentionally failed to disclose other facts, making the disclosure deceptive; or (b) that Eastern prevented Herbalife from discovering certain facts;

2. That Herbalife did not know of the concealed facts;

3. That Eastern intended to deceive Herbalife by concealing the facts;

4. That had the omitted information been disclosed, Herbalife reasonably would have behaved differently;

5. That Herbalife was harmed; and

6. That Eastern's concealment was a substantial factor in causing Herbalife's harm.

**Source:** CACI No. 1901 (2023).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROPOSED JURY INSTRUCTION NO. 26
## (REASONABLE RELIANCE)

In determining whether Herbalife's reliance on the concealment was reasonable, it must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for Herbalife to rely on the concealment. In making this decision, take into consideration Herbalife's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a concealment that is preposterous. It also is not reasonable for anyone to rely on a concealment if facts that are within their observation show that it is obviously false.

**Source:** CACI No. 1908 (2020).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 34 -
JOINT PROPOSED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 27
## (FRAUD DAMAGES)

If you decide that Herbalife has proved its fraudulent concealment claim against Eastern, you also must decide how much money will reasonably compensate Herbalife for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Eastern was a substantial factor in causing, even if the particular harm could not have been anticipated.

Herbalife must prove the amount of its damages. However, Herbalife does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

Herbalife may recover amounts that it reasonably spent in reliance on Eastern's failure to disclose if those amounts would not otherwise have been spent.

**Source:** CACI No. 1923 (2023).

# PROPOSED JURY INSTRUCTION NO. 28
## (PUNITIVE DAMAGES)

If you find for Herbalife on its claim for fraudulent concealment, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Herbalife has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Eastern's conduct that harmed Herbalife was malicious, oppressive or in reckless disregard of Herbalife's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

402698195.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Punitive damages may be awarded even if you award Herbalife only nominal, and not compensatory, damages.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 (2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 29**

**(SPECIAL INSTRUCTION 1: ALIGNMENT OF PARTIES)**

      In the following Jury Instructions that pertain to the breach of contract claims in this case, when you hear a generic title of plaintiff or defendant, rather than a specific party name, this means that both Herbalife and Eastern are relying on this instruction for the breach of contract claim. Therefore, you should use such instructions when deciding on the breach of contract claims for both parties.

MANATT, PHELPS &
PHILIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 30

## (BREACH OF CONTRACT - INTRODUCTION)

Herbalife and Eastern both claim that they entered into Services Agreement.

In addition, Herbalife and Eastern both claim that they entered into a nondisclosure agreement.

In addition, Eastern claims that it and Herbalife entered into an Enterprise License Agreement.

In addition, Eastern claims that it and Herbalife entered into oral contracts regarding Business Continuity and Disaster Recovery.

For each of these alleged contracts, the plaintiff claims that the defendant breached the contract.

For each of these alleged contracts, the plaintiff claims that the defendant's breach of the contract caused harm to the plaintiff for which the defendant should pay.

For each of these alleged contracts, the defendant denies the claim and also asserts affirmative defenses.

Source: CACI No. 300 (2007).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

JOINT PROPOSED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 31
## (CONTRACT FORMATION – ESSENTIAL FACTUAL ELEMENTS)

Herbalife and Eastern do not dispute that they entered into the Services Agreement, the nondisclosure agreement, and the Enterprise Licenses Agreement. However, Herbalife denies that the parties into any oral contracts regarding Business Continuity and Disaster Recovery. To prove that any oral contracts regarding Business Continuity and Disaster Recovery were created, Eastern must prove all of the following:

1.  That the contract terms were clear enough that the parties could understand what each was required to do;

2.  That the parties agreed to give each other something of value [a promise to do something or not to do something may have value]; and

3.  That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Eastern did not prove all of the above, then a contract was not created.

**Source:** CACI No. 302 (2014).

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

# PROPOSED JURY INSTRUCTION NO. 32
## (BREACH OF CONTRACT– ESSENTIAL FACTUAL ELEMENTS)

To recover damages from defendant for breach of contract, plaintiff must prove all of the following:

1. That plaintiff and defendant entered into a contract;
2. That plaintiff did all, or substantially all, of the significant things that the contract required it to do;
   *Or*
2. That plaintiff was excused from having to do the significant things that the contract required it to do;
3. That all conditions required by the contract for the defendant's performance occurred;
   *Or*
3. That such conditions were waived or excused;
4. That defendant failed to do something that the contract required it to do;
   *Or*
4. That defendant did something that the contract prohibited it from doing;
5. That plaintiff was harmed; and
6. That defendant's breach of contract was a substantial factor in causing plaintiff's harm.

**Source:** CACI No. 303 (2020).

402698195.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 41 -
JOINT PROPOSED JURY INSTRUCTIONS

1

## **PROPOSED JURY INSTRUCTION NO. 33**

2

## **(ORAL OR WRITTEN CONTRACT TERMS)**

3

4        This Proposed Jury Instruction is disputed. It is submitted, along with

5  objections and responses, in Eastern's Proposed Jury Instructions.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1

- 42 -
JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED JURY INSTRUCTION NO. 34
## (SPECIAL INSTRUCTION #2: LAPSE OF OFFER)

This Proposed Jury Instruction is disputed. It is submitted, along with objections and responses, in Herbalife's Proposed Jury Instructions.

# PROPOSED JURY INSTRUCTION NO. 35
## (CONTRACT FORMATION – OFFER)

Both an offer and an acceptance are required to create a contract. Herbalife contends that certain contracts alleged by Eastern were not created because there was never any offer. To overcome this contention, Eastern must prove all of the following:

1. That Eastern communicated to Herbalife that it was willing to enter into a contract with Eastern;

2. That the communication contained specific terms; and

3. That, based on the communication, Herbalife could have reasonably concluded that a contract with these terms would result if it accepted the offer.

If Eastern did not prove all of the above, then a contract was not created.

**Source:** CACI No. 307 (2023).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 36
## (CONTRACT FORMATION – ACCEPTANCE)

Both an offer and an acceptance are required to create a contract. Herbalife contends that certain contracts alleged by Eastern were not created because the offer was never accepted. To overcome this contention, Eastern must prove both of the following:

1. That Herbalife agreed to be bound by the terms of the offer; and
2. That Herbalife communicated its agreement to Eastern.

If Eastern did not prove both of the above, then a contract was not created.

**Source:** CACI No. 309 (2023).

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1

- 45 -

# PROPOSED JURY INSTRUCTION NO. 37
## (SPECIAL INSTRUCTION #3: STATUTE OF FRAUDS)

A contract for the sale of goods for the price of five hundred dollars ($500) or more is not enforceable unless:

1. There is some writing sufficient to indicate that a contract for sale has been made between the parties; and

2. Signed by the party against whom enforcement is sought or by its authorized agent or broker.

A contract which does not satisfy those requirements is enforceable:

1. If the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business; and

2. The seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made commitments for their procurement.

**Source:** Cal. Com. Code §§ 2201, 2201(a)(3).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 38

This Proposed Jury Instruction has been purposely left blank.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 47 -
JOINT PROPOSED JURY INSTRUCTIONS

1
2

## PROPOSED JURY INSTRUCTION NO. 39
## (INTERPRETATION – DISPUTED WORDS)

3
4

Eastern and Herbalife dispute the meaning of the word "requirements" in the

5

Service Agreement. Eastern and Herbalife also dispute the meaning of the words

6

"corporate approval" in the Enterprise License Agreement. The party asserting a

7

particular meaning of those words must prove that its interpretation is correct.

8

In deciding what the words of a contract mean, you must decide what the

9

parties intended at the time the contract was created. You may consider the usual and

10

ordinary meaning of the language used in the contract as well as the circumstances

11

surrounding the making of the contract.

12
13

The following instructions may also help you interpret the words of the

14

contract:

15

**Source:** CACI No. 314 (2014).

16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 40**

**(INTERPRETATION – MEANING OF ORDINARY WORDS)**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

**Source:** CACI No. 315 (2014).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 49 -

JOINT PROPOSED JURY INSTRUCTIONS

# PROPOSED JURY INSTRUCTION NO. 41

# (INTERPRETATION – CONSTRUCTION OF CONTRACT AS A WHOLE)

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**Source:** CACI No. 317 (2014).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

1

## **PROPOSED JURY INSTRUCTION NO. 42**

2

## **(CONTRACT CONSTRUCTION BY CONDUCT OF PARTIES)**

3

4      In deciding what the words in a contract meant to the parties, you may consider

5  how the parties acted after the contract was created but before any disagreement

6  between the parties arose.

7

8  **Source:** CACI No. 318 (2023).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 43

This Proposed Jury Instruction has been purposely left blank.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

1

## **PROPOSED JURY INSTRUCTION NO. 44**

2

## **(EXISTENCE OF CONDITION PRECEDENT)**

3

4       This Proposed Jury Instruction is disputed. It is submitted, along with

5  objections and responses, in Eastern's Proposed Jury Instructions.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 45
## (ANTICIPATORY BREACH)

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that the party will not or cannot meet the requirements of the contract.

If Eastern proves that it would have been able to fulfill the terms of the contract and that Herbalife clearly and positively indicated, by words or conduct, that it would not or could not meet the contract requirements, then Herbalife breached the contract.

**Source:** CACI No. 324 (2020).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 46
# (SPECIAL INSTRUCTION #6: ANTICIPATORY REPUDIATION)

When either party repudiates the contract with respect to a performance not yet due, the loss of which will substantially impair the value of the contract to the other, the aggrieved party may resort to any remedy, even though the aggrieved party has notified the repudiating party that the aggrieved party would await the latter's performance and has urged retraction; and the aggrieved party may suspend its own performance.

**Source:** Cal. Com. Code § 2610.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

- 55 -
JOINT PROPOSED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 47

## (SPECIAL INSTRUCTION #7: PREVENTION OF PERFORMANCE)

Nonperformance of a contract by one party is excused when performance is prevented or made impossible by the other party.

**Source:** Cal. Civ. Code § 1511.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROPOSED JURY INSTRUCTION NO. 48
# (SUBSTANTIAL PERFORMANCE)

Defendant contends that plaintiff did not perform all of the things that plaintiff was required to do under the contract, and therefore defendant did not have to perform its obligations under the contract. To overcome this contention, plaintiff must prove both of the following:

1. That plaintiff made a good faith effort to comply with the contract; and

2. That defendant received essentially what the contract called for because plaintiff's failures, if any, were so trivial or unimportant that they could have been easily fixed or paid for.

**Source:** CACI No. 312 (2020).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

## PROPOSED JURY INSTRUCTION NO. 49

## (SPECIAL INSTRUCTION #8: COMMERCIAL REASONABLENESS)

Persons engaged in commercial transactions are required to act in a commercially reasonable manner, engaging in responsible business practices which afford all parties fair treatment.

**Source:** *Gifford v. J & A Holdings*, 54 Cal. App. 4th 996 (1997), 1005; *Citri-Lite Co. v. Cott Bevs., Inc.*, 721 F. Supp. 2d 912 (E.D. Cal. 2010).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 50

## (WAIVER)

Herbalife claims that it did not have to perform under any oral contract alleged by Eastern because Eastern gave up its right to have Herbalife perform. This is called a "waiver."

To succeed, Herbalife must prove both of the following by clear and convincing evidence:

1. That Eastern knew Herbalife was required to perform under the contract; and

2. That Eastern freely and knowingly gave up its right to have Herbalife perform.

A waiver may be oral or written or may arise from conduct that shows that Eastern gave up that right.

If Herbalife proves that Eastern gave up its right to Herbalife's performance, then Herbalife was not required to perform.

**Source:** CACI No. 336 (2003).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 51

# (MITIGATION OF DAMAGES)

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  That the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  The amount by which damages would have been mitigated.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.3 (2017).

402698195.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 52

## (INTRODUCTION TO CONTRACT DAMAGES)

If you decide that plaintiff has proved its claim against defendant for breach of contract, you also must decide how much money will reasonably compensate plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put plaintiff in as good a position as it would have been if defendant had performed as promised.

To recover damages for any harm, plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiff also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**Source:** CACI No. 350 (2010).

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1

1
2
3

**PROPOSED JURY INSTRUCTION NO. 53**

**(LOSS OF PROFITS – NO PROFITS EARNED)**

4      To recover damages for lost profits on its oral contract claims, Eastern must
5 prove that it is reasonably certain it would have earned profits but for Herbalife's
6 breach of the contract.

7      To decide the amount of damages for lost profits, you must determine the
8 gross, or total, amount Eastern would have received if the contract had been
9 performed and then subtract from that amount the costs, including the value of the
10 labor, materials, rents, expenses, and interest on loans invested in the business
11 Eastern would have had if the contract had been performed.
12

13      You do not have to calculate the amount of the lost profits with mathematical
14 precision, but there must be a reasonable basis for computing the loss.

15

16 **Source:** CACI No. 352 (2003).

17
18
19
20
21
22
23
24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

# PROPOSED JURY INSTRUCTION NO. 54
## (RELIANCE DAMAGES)

    This Proposed Jury Instruction is disputed. It is submitted, along with objections and responses, in Eastern's Proposed Jury Instructions.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

402698195.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROPOSED JURY INSTRUCTION NO. 55
## (NOMINAL DAMAGES)

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.6 (2017).

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

402698195.1