MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
TAL EDELSTEIN (Bar No. CA 346878)
E-mail: tedelstein@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff and Counter-Defendant*
HERBALIFE INTERNATIONAL OF AMERICA, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation,

Plaintiff and Counter-Defendant,

vs.

EASTERN COMPUTER EXCHANGE, INC., a Connecticut corporation,

Defendant and Counter-Claimant.

Case No. 2:22-cv-00347-ODW (AGRx)

**Hon. Otis D. Wright, II**

**HERBALIFE'S NOTICE OF MOTION AND MOTION TO BIFURCATE AS TO ALLEGED PROMISSORY ESTOPPEL DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with Omnibus Declaration of Donald R. Brown]

Date: July 15, 2024
Time: 1:30 pm
Courtroom: 5D
Trial Date: July 23, 2024

PLEASE TAKE NOTICE that on July 15, 2023, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5D of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA 90012, plaintiff and counter-defendant Herbalife International of America, Inc. ("Herbalife") will and hereby does move to bifurcate the trial. Specifically, Herbalife requests that argument and evidence regarding alleged damages for defendant and counter-claimant Eastern Computer Exchange, Inc.'s ("Eastern") promissory estoppel claim only be presented after the jury portion of the trial has concluded. Promissory estoppel is an equitable claim to be decided by the judge, therefore evidence or argument regarding alleged damages on that claim would confuse the jury, prejudice Herbalife, and unnecessarily lengthen the jury portion of the trial case.

This motion is based on this Notice and attached Memorandum of Points and Authorities, the concurrently-filed Omnibus Declaration of Donald R. Brown, the pleadings, records and files in this action, and such other arguments or evidence that the Court may consider at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 and Judge Wright's Scheduling and Case Management Order 6(h), which took place on June 17, 2024, with follow-up communications on June 18 and 19.

Dated: June 26, 2024

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Donald R. Brown*
Donald R. Brown
Attorneys for *Plaintiff and Counter-Defendant* HERBALIFE INTERNATIONAL OF AMERICA, INC.

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. SUMMARY OF BCDR CLAIMS .......... 1
III. ARGUMENT .......... 2
IV. CONCLUSION .......... 5

# TABLE OF AUTHORITIES

## CASES

*Davis & Cox v. Summa Corp.*, 751 F.2d 1507 (9th Cir. 1985) (superseded by statute on other grounds as stated in *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1156 (1988)) ........ 2

*Hirst v. Gertzen*, 676 F.2d 1252 (1982) ........ 2, 3, 5

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207 (2016) ........ 3

*Powers v. McDonough*, 2024 WL 2307491 (C.D. Cal. Jan. 22, 2024) ........ 2, 5

*Teutscher v. Woodson*, 835 F.3d 936 (9th Cir. 2016) ........ 3

## RULES

Fed. R. Civ. P. 42(b) ........ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The only remaining claims in this case are Herbalife's claims for fraud and breach of contract (legal claims), and Eastern's claim for promissory estoppel (an equitable claim). In federal court, legal claims are tried prior to equitable claims. Herbalife therefore requests that evidence regarding Eastern's alleged promissory estoppel damages only be presented after the jury portion of the trial has concluded. Such evidence is irrelevant to issues to be decided by the jury and is likely to cause juror confusion. In addition, such evidence would potentially prejudice Herbalife and unnecessarily prolong the jury portion of the trial.

## II. SUMMARY OF BCDR CLAIMS

In December 2019, Herbalife and Eastern entered into a Master Services Agreement ("MSA") that governed services for any specific projects to which the parties might later agree. The MSA required Eastern to follow Herbalife's requirements, including an approved Herbalife Purchase Order ("PO") for expenditures, and where applicable, an approved Project Authorization Request ("PAR"). The parties agreed to 20 different projects, all supported by POs and PARs as applicable.

One of those projects was an Application Impact Assessment ("AIA") relating to BCDR, which was authorized by a PAR and a PO and also agreed to in a signed Statement of Work. The AIA was the only BCDR project the parties agreed to, and Herbalife paid Eastern for that project. Based on the AIA, Eastern proposed a future BCDR design for Herbalife.

Concerned about Eastern's proposals for future BCDR work, Herbalife retained Deloitte to review Eastern's work from the AIA, and Deloitte concluded that Eastern had ignored solutions that would better align with Herbalife's needs. Herbalife then retained Deloitte again to propose alternative solutions and further analyze Eastern's solution. These retentions would have been unnecessary if Eastern had

honored its obligations under the MSA to act professionally and provide workmanlike services. Moreover, had Herbalife known at the time that Eastern had engaged in fraud (discussed below), it would have outright rejected Eastern's proposal without paying Deloitte to analyze it. Herbalife therefore seeks damages in the amount of fees it paid to Deloitte.

Eastern, in turn, claims that Herbalife orally promised that Eastern should handle the implementation of a BCDR system and orally directed Eastern to place a $20M order for BCDR equipment with Dell (the "Equipment Order") based on its design. There is no PAR, PO, or any other writing evidencing any enforceable promise or any request that Eastern place the Equipment Order. Moreover, while Eastern did place the Equipment Order, it concealed that fact from Herbalife, going so far as to send Dell a fake Herbalife PO to dissuade Dell from asking Herbalife directly whether it had authorized the Order.

Herbalife's claims for fraud and breach of contract and Eastern's claim for promissory estoppel are the only remaining claims in the case. [*See* Dkt. No. 174.]

## III. ARGUMENT

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "Courts may consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties." *Powers v. McDonough*, 2024 WL 2307491, at *2 (C.D. Cal. Jan. 22, 2024). Other factors may include "simplif[ying] the issues for the jury" and eliminating the "danger of unnecessary jury confusion." *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (1982). A "district court has broad discretion to order separate trials under Rule 42(b)." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985) (superseded by statute on other grounds as stated in *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154,

1156 (1988)); *see also Hirst*, 676 F.2d at 1261 ("[B]ifurcation [is] within the sound discretion of the district court.").

Eastern's sole claim (promissory estoppel) is equitable. *See Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1224 (2016) ("Promissory estoppel is an equitable claim that substitutes reliance on a promise as a substitute for bargained-for consideration."). In federal court, legal claims (such as Herbalife's fraud and breach of contract claims) are tried before equitable claims. *See Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016).

As Herbalife understands it, Eastern seeks two forms of damages on its promissory estoppel claim: reliance damages for wages Eastern supposedly paid to employees who allegedly worked on BCDR issues for Herbalife; and expectation damages for revenues or profits Eastern supposedly would have realized if Herbalife had actually made an enforceable promise to Eastern for the potential BCDR project. Leaving aside whether either form of damages is recoverable, evidence of such purported damages is only pertinent to Eastern's promissory estoppel claim.

Bifurcation is necessary to avoid juror confusion, as Eastern's alleged wage costs or anticipated profits are irrelevant to Herbalife's claims, Eastern's purported defenses, or Herbalife's damages. If presented to the jurors, jurors might mistakenly believe that evidence regarding Eastern's alleged damages is pertinent to whether Herbalife has proved its claims and how much Herbalife should be awarded in damages. *See Hirst*, 676 F.2d at 1261 (presenting evidence to jury of purely equitable claim presents "danger of unnecessary jury confusion"). Such evidence could also prejudice Herbalife if the jury were to mistakenly factor in Eastern's wildly inflated purported damages when deciding Herbalife's claims. Moreover, reserving such evidence until after the jury portion will serve the goal of convenience by shortening the jury trial, especially considering the many flaws in such evidence—addressed in Herbalife's Motions in Limine Nos. 3 and 4—and the extra court and jury time that

would be forced to be incurred on irrelevant issues unless such evidence is excluded *ab initio*.

Accordingly, all evidence of Eastern's purported damages and any quantification thereof should be, at a minimum, bifurcated and presented only after the jury issues. Such evidence includes the following:

- A spreadsheet labeled "Summary-Rule 106 [sic] Phase 1, and Phase 2." (Trial Exs. 224 (page 2) and 1013 [Omnibus Declaration of Donald R. Brown ["Brown Decl."] Exs. 7 and 8].)
- Various Excel sheets in a zipped folder titled "Eastern Damages," including but not limited to the following documents and all variations thereon:
  - The Phase 1 Cisco Excel sheet at Eastern_003001 (Trial Ex. 1029 [Brown Decl. Ex. 10]);
  - The Phase 1 Cabling Excel sheet (Trial Ex. 1030 [Brown Decl. Ex. 11]);
  - The Phase 1 Services PDF (Trial Ex. 1031 [Brown Decl. Ex. 12]);
  - The Phase 1 Copy of (Master Summary) Herbalife_Phase 1_Phase 1 Excel sheet (Trial Ex. 1014 [Brown Decl. Ex. 9]);
  - The Phase 2 Cisco Excel sheets (Trial Exs. 1070 and 1071 [Brown Decl. Exs. 14 and 15]);
  - The Phase 2 Cabling Excel sheets (Trial Exs. 1072 and 1073 [Brown Decls. Ex. 16 and 17);
  - The Phase 2 VMware Word document (Trial Ex. 1075 [Brown Decl. Ex. 18]);
  - The Phase 2 HPE Excel sheets (Trial Exs. 1078, 1079 and 1080 [Brown Decl. Exs. 19, 20 and 21]);
  - The Phase 2 Services PDFs (Trial Exs. 1081 and 1082) [Brown Decl. Exs. 22 and 23];
  - The Phase 2 Copy of Herbalife Summary Phase 2 Excel (Trial Ex. 1032 [Brown Decl. Ex. 13]);

- A chart of purported Eastern employee hours on page 12 of Trial Ex. 224 and variations thereof, including Trial Exs. 13, and 1091 (Brown Decl. Exs. 7, 1, and 24, respectively);
- The prior version of this chart on page 94 of Trial Ex. 223 (Brown Decl. Ex. 6);
- A chart of Eastern employee annualized salaries and benefits on page 95 Trial Ex. 223 and page 13 Trial Ex. 224) (Brown Decl. Exs. 6 and 7, respectively);
- The "High Level" project description chart on pages 14-15 of Trial Ex. 224, and Trial Ex. 132 (Brown Decl. Exs. 7 and 4, respectively);
- The Phase 1 and Phase 2 hours chart on pages 16-17 of Trial Ex. 224, and Trial Ex. 132 (*id.*);
- The "Herbalife BCDR Phase 1 and Phase 2 Meetings with Recurring noted" list on pages 18-21 of Trial Ex. 224 and on pages 96-99 of Trial Ex. 223 (Brown Decl. Exs. 7 and 6, respectively); and
- The February 2, 2023 emails from Walter Rival to Eastern employees including Arthur Gousby, Dane Newman, Jim Soja, Marty O'Brien, Stephen Blake, Troy Horton, Tim Oudin, Tony Valentino, Alister Danniells, Bryan Gauna, and Frank Donaldson (Trial Ex. 211) and any attached Excel sheets (Brown Decl. Ex. 5).

There is nothing to gain from subjecting the jury to such evidence. The equitable and legal claims are "clearly separable" (*Powers*, 2024 WL 2307491, at *2), so there is no reason to consume valuable juror time with the presentation of evidence on an issue that will only be decided by the judge. Rather, bifurcation would "simplif[y] the issues for the jury." *Hirst*, 676 F.2d at 1261.

## IV. CONCLUSION

Herbalife respectfully requests that the Court bifurcate the trial as described above, by reserving until after the jury portion of the trial Eastern's evidence of purported promissory estoppel damages.

Dated: June 26, 2024

MANATT, PHELPS & PHILLIPS, LLP

By: */s/Donald R. Brown*
Donald R. Brown
Attorneys for *Plaintiff and Counter-Defendant* HERBALIFE INTERNATIONAL OF AMERICA, INC.