FILED
CLERK, U.S. DISTRICT COURT

4/11/25

CENTRAL DISTRICT OF CALIFORNIA
BY: ____SE____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Herbalife International of America, Inc, | Case No. CV 22-00347-ODW (AGRx) |
| Plaintiff, | |
| v. | JURY INSTRUCTIONS |
| Eastern Computer Exchange, Inc. et al, | |
| Defendant. | |

# **DUTY OF THE JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you will received a copy of these instructions that may be taken with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

## **RULING ON OBJECTIONS**

2

3        There are federal rules of evidence that control what can be received into
4    evidence. When a lawyer asks a question or offers an exhibit into evidence and a
5    lawyer on the other side thinks that it is not permitted by the rules of evidence,
6    that lawyer may object. If I overruled the objection, the question may be
7    answered, or the exhibit received. If I sustained the objection, the question cannot
8    be answered, and the exhibit could not be received. Whenever I sustained an objection
9    to a question, you are to ignore the question and you must not guess what the answer
10   might have been.

11       If at any time during trial I ordered that evidence be stricken from the record
12   and that you disregard or ignore that evidence. That means when you are deciding
13   the case, you must not consider the stricken evidence for any purpose.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may have become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we did what we could to keep the number and length of those conferences to a minimum.

# **TAKING NOTES**

I observe that most of you have been taking notes during trial. Please keep them to yourself until you go to the jury room to decide the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## **DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits that are admitted into evidence;

    (3)    any stipulated facts to which the parties have agreed; and

    (4)    any facts that I have instructed you to accept as proved.

1

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2

3       Evidence may be direct or circumstantial. Direct evidence is direct proof of a
4   fact, such as testimony by a witness about what that witness personally saw or
5   heard or did. Circumstantial evidence is proof of one or more facts from which
6   you could find another fact. You should consider both kinds of evidence. The
7   law makes no distinction between the weight to be given to either direct or
8   circumstantial evidence.
9       It is for you to decide how much weight to give to any evidence. You may
10  consider the ability of each party to provide evidence. If a party provided weaker
11  evidence when it could have provided stronger evidence, you may distrust the
12  weaker evidence.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, and may say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the federal rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; if I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

Anything you may see or hear or may have seen or will hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

2

3      Herbalife has the burden of proving its case against the defendant, Eastern, by

4  a preponderance of the evidence. When a party has the burden of proving any claim

5  by a preponderance of the evidence, it means you must be persuaded by the evidence

6  that the claim is more probably true than not true.

7      So, if you could put the evidence favoring Herbalife and the evidence favoring

8  Eastern on opposite sides of balancing scales, Herbalife needs to make the scales tip

9  to its side for each and every element of each of its causes of action. If Herbalife fails

10 to meet this burden on any element of any cause of action, you must find in favor of

11 Eastern on that cause of action. Similarly, Eastern must make the scales tip in its

12 favor on each and every element of its affirmative defenses. If Eastern fails to meet

13 this burden on any element of its affirmative defenses, you must find that the

14 affirmative defense does not apply.

15     You should base your decision on all of the evidence, regardless of which party

16 presented it.

17

18

19

20

21

22

23

24

25

26

27

28

## **BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. You are to use your common sense in determining how to weigh the credibility of witnesses that make inconsistent statements.

However, if you decide that a witness has testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make a decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact. You must not be biased in favor of or against any witness because of

1  the witness's disability, gender, race, religion, ethnicity, sexual orientation, age,

2  national origin, or socioeconomic status.

## **CHARTS AND SUMMARIES RECEIVED AND NOT RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## **DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## <u>CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial

process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## **COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# **RETURN OF THE VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

# **FRAUDULENT CONCEALMENT**

Herbalife claims that it was harmed because Eastern concealed certain information. To establish this claim, Herbalife must prove all of the following:

1. (a) That Eastern disclosed some facts to Herbalife but intentionally failed to disclose other facts, making the disclosure deceptive; or (b) that Eastern prevented Herbalife from discovering certain facts;
2. That Herbalife did not know of the concealed facts;
3. That Eastern intended to deceive Herbalife by concealing the facts;
4. That had the omitted information been disclosed, Herbalife reasonably would have behaved differently;
5. That Herbalife was harmed; and
6. That Eastern's concealment was a substantial factor in causing Herbalife's harm.

1                                          **REASONABLE RELIANCE**

2

3         In determining whether Herbalife's reliance on the concealment was

4 reasonable, it must first prove that the matter was material. A matter is material if a

5 reasonable person would find it important in deciding what to do.

6         If you decide that the matter is material, you must then decide whether it was

7 reasonable for Herbalife to rely on the concealment. In making this decision, take

8 into consideration Herbalife's intelligence, knowledge, education, and experience.

9

10         However, it is not reasonable for anyone to rely on a concealment that is

11 preposterous. It also is not reasonable for anyone to rely on a concealment if facts

12 that are within their observation show that it is obviously false.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ADVERSE INTEREST EXCEPTION**

An employee is an agent of his or her employer. If you find that an Herbalife employee was acting solely for his or her own purposes or those of a third party regarding a particular matter, then that employee's acts, omissions, or knowledge regarding that matter are not considered the acts, omissions, or knowledge of Herbalife.

# **FRAUD DAMAGES**

If you decide that Herbalife has proved its fraudulent concealment claim against Eastern, you also must decide how much money will reasonably compensate Herbalife for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Eastern was a substantial factor in causing, even if the particular harm could not have been anticipated.

Herbalife must prove the amount of its damages. However, Herbalife does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

Herbalife may recover amounts that it reasonably spent in reliance on Eastern's failure to disclose if those amounts would not otherwise have been spent.

## PUNITIVE DAMAGES

If you find for Herbalife on its claim for fraudulent concealment, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Herbalife has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Eastern's conduct that harmed Herbalife was malicious, oppressive or in reckless disregard of Herbalife's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

Punitive damages may be awarded if you award Herbalife only nominal, and not compensatory, damages.

## **MITIGATION OF DAMAGES**

Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. That the plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.